IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEPHON HUDERSON  #74666                                                         PETITIONER

V.                                                                      Civil Action 1:08cv348-LG-RHW

LAWRENCE KELLY                                                                    RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

BEFORE THIS COURT are [1] the Petition of Stephon Huderson for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254 filed August 25, 2008, [5] Respondent's Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), filed September 15, 2008, and [6] Petitioner's October 3, 2008 response to the motion to dismiss. Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned U.S. Magistrate Judge is of the opinion that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied.

### FACTS AND PROCEDURAL HISTORY

On July 20, 2005, Petitioner Stephon Huderson[1] was convicted by a Pearl River County Circuit Court jury of sale of a controlled substance, for which the court sentenced him, as a subsequent drug offender and as a habitual offender, to serve 60 years in the custody of the Mississippi Department of Corrections. [5-2, pp. 1-3] The Mississippi Court of Appeals affirmed Huderson's conviction and sentence on October 31, 2006. *Hudderson v. State*, 941 So.2d 221 (Miss. App. 2006).

---

[1] Both the trial court and the Mississippi Court of Appeals spell the Petitioner's surname "Hudderson," while Petitioner's pleadings spell the name "Huderson." This Court will use the latter spelling.

Huderson filed neither a petition for rehearing with the Mississippi Court of Appeals nor a petition for writ of certiorari in the Mississippi Supreme Court.

In a pleading dated August 13, 2007, and filed August 16, 2007, Huderson petitioned the Mississippi Supreme Court for leave to proceed with a post-conviction motion in the trial court. Doc. [1-5], [5-3]. The Supreme Court denied that motion on September 20, 2007. [5-4, pp. 1-2] Apparently before he received the Supreme Court's decision, by pleading dated September 24, 2007, and filed September 26, 2007, Huderson filed a motion to supplement the post-conviction motion. [5-4, pp. 3-16] The Supreme Court granted the motion to supplement, but found Huderson's post-conviction motion without merit and denied it on October 3, 2007. [1-6, pp. 1-2], [5-4, pp. 17-18]. Fifty-one days elapsed between Huderson's August 13, 2007 post-conviction pleading and the Supreme Court's October 3, 2007 order.

Huderson filed his undated federal habeas petition on August 5, 2008 [1], and Respondent moved to dismiss the petition as time barred on September 15, 2008. In response, Huderson contends the one-year limitations period for federal habeas relief in his case would begin to run only upon expiration of the state court three-year limitations period for filing a post-conviction motion.

## LAW AND ANALYSIS

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under Mississippi law, Huderson had fourteen days within which to file a motion for rehearing following the ruling by the Mississippi Court of Appeals. Rule 40(a), *Miss. R. App. Proc*. Since he failed to do so, the expiration of the fourteen-day period concluded direct review of his case, and the Court of Appeals decision became final on November 14, 2006. The one-year limitations period for federal habeas relief began to run on that date. See, *Roberts v. Cockrell*, 319 F. 3d 690 (5th Cir. 2003) ("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'"). Huderson's deadline for filing a federal habeas petition was therefore November 14, 2007, in the absence of some tolling of the limitations period.

Pursuant to the tolling provision of 28 U.S.C. § 2244(d)(2), the 51 days during which Huderson's post-conviction motion was pending are not counted, so his November 14, 2007 deadline to file for federal habeas relief was extended to January 4, 2008. Huderson did not file his federal habeas petition until August 5, 2008.

The plain language of 28 U.S.C. § 2244(d) directly contradicts Huderson's contention that the federal habeas one-year statute of limitations begins to run only after the state three-year period for filing post-conviction proceedings expires.  The federal limitations period is not contingent upon state law.

When, as here, a petitioner for relief under 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).  Accordingly, petitioner's claims in this case do not merit an evidentiary hearing.

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file and the relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that Respondent's motion to dismiss should be **GRANTED**, and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED.**

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must within ten (10) days after being served a copy of the Recommendation serve and file with the Clerk of this Court his written objections to the Recommendation, and must supply a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party .  An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  Failure to object to

the proposed findings, conclusions, and recommendations in this report shall bar a *de novo* determination by the District Court.  A party who fails to file written objects to the proposed findings, conclusions, and recommendations within ten (10) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 7th day of November, 2008.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE