IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHON HUDERSON | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:08cv348-LG-RHW |
| | § | |
| LAWRENCE KELLY | § | DEFENDANT |

## ORDER DENYING MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Motion for Reconsideration of Judgment [10] filed by Stephon Huderson. Lawrence Kelly has filed a response in opposition to the Motion, and Huderson has filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

### FACTS AND PROCEDURAL HISTORY

On July 20, 2005, Huderson was convicted of the sale of a controlled substance by a Pearl River County Circuit Court jury . He was sentenced as a subsequent drug offender and as a habitual offender to serve sixty years in the custody of the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed the conviction and sentence on October 31, 2006. *Hudderson v. State*, 941 So. 2d 221, 225 (Miss. Ct. App. 2001).[1] Huderson did not file a petition for rehearing with the Mississippi Court of Appeals or a petition for writ of certiorari with the Mississippi Supreme Court. He filed a petition for leave to proceed with a post-conviction motion with the Mississippi Supreme Court in August of 2007. This motion was initially

---

[1] The opinion entered by the Mississippi Court of Appeals spelled the petitioner's name "Hudderson," but in the present lawsuit, he spells his name "Huderson."

denied on September 20, 2007, but he was later permitted to supplement his post-conviction motion. Huderson supplemented the motion, and it was denied on October 3, 2007.

Huderson filed a petition for writ of habeas corpus on August 5, 2008. Kelly filed a Motion to Dismiss the petition as untimely. On November 7, 2008, United States Magistrate Judge Robert H. Walker entered Proposed Findings of Fact and Recommendations [7] in which he recommended that the Motion to Dismiss be granted, since the petition was filed almost seven months late. Huderson did not file any objections to the Proposed Findings of Fact and Recommendations. On December 17, 2008, this Court entered an Order adopting the Proposed Findings of Fact and Recommendations and a Judgment.

Almost two years later, Huderson filed the present Motion to Reconsider the Judgment pursuant to Fed. R. Civ. P. 60(b)(6). In his rebuttal filed in support of the Motion, he argues that he is also entitled to relief pursuant to Rule 60(b)(1) and Rule 60(b)(3). Pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005), Huderson argues that his motion should not be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act. In *Gonzalez*, the Supreme Court held that a motion for relief from judgment that only challenges a court's prior ruling that a habeas petition was time-barred under the AEDPA limitations period does not constitute a second or successive habeas petition. *Gonzalez*, 545 U.S. at 533.

## DISCUSSION

The Fifth Circuit has explained:

> The purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments . . . . By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts."

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970)). Thus, Rule 60(b) should be "liberally construed in order to do substantial justice." *Seven Elves*, 635 F.2d at 401. This means that "although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Id*. Nevertheless, "final judgments should not be lightly reopened," and a Rule 60(b) motion should not be used as a substitute for appeal. *Id*. at 401, 402.

**I. Rule 60(b)(1) and Rule 60(b)(3):**

In his rebuttal in support of his Motion, Huderson seeks relief from the Judgment of Dismissal pursuant to Rule 60(b)(1) and 60(b)(3). With regard to his Rule 60(b)(1) claim, he claims that his habeas petition was filed late due to his inexperience with the Federal Rules of Criminal and Civil Procedure. In support of his Rule 60(b)(3) claim, he argues that the prosecutor committed misconduct by knowingly presenting false testimony at his trial in Pearl River Circuit Court.

Pursuant to Rule 60(b)(1), a court may grant relief from a judgment where mistake, inadvertence, surprise, or excusable neglect is demonstrated. Fed. R. Civ. P.

60(b)(1). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 869 F.2d 281, 286 (5th Cir. 1985). Meanwhile, Rule 60(b)(3) allows a party to seek relief from a judgment by demonstrating fraud, misrepresentation, or misconduct by the opposing party. Fed. R. Civ. P. 60(b)(3). Rule 60(b)(1) and Rule 60(b)(3) Motions must be filed no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). As explained previously, Huderson's Motion to Reconsider was filed almost two years after the Judgment of Dismissal was entered. Therefore, to the extent that Huderson is seeking relief pursuant to Rule 60(b)(1) and 60(b)(3), his Motion is clearly untimely pursuant to Fed. R. Civ. P. 60(c)(1).

**II. Rule 60(b)(6):**

Rule 60(b)(6) permits a court to relieve a party from a final judgment for any other reason that justifies relief. The Fifth Circuit has described Rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, [but] we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). Rule 60(c)(1) requires that Rule 60(b)(6) motions be made in a reasonable time. Fed. R. Civ. P. 60(c)(1). The determination as to "[w]hat constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *McCorvey v. Hill*, 385 F.3d 846, 849 n.4 (5th Cir. 2004).

Huderson's request for Rule 60(b)(6) relief was not filed within a reasonable time, particularly since he relies on the same grounds for relief that were asserted in his habeas petition as well as new grounds that were available to him prior to the dismissal of his petition. The Court also finds that Huderson's arguments in support of his Rule 60(b)(6) claim are without merit.

First, Huderson argues that he raised issues in his habeas petition that he believes are meritorious, including the Circuit Court's failure to grant him a continuance, the propriety of his sentence, the existence of sufficient evidence to support his conviction, alleged ineffective assistance of counsel, the Circuit Court's failure to conduct a proportionality analysis of his sentence, the alleged violation of his right to due process by failing to properly instruct the jury concerning reasonable doubt, alleged prosecutorial misconduct, and alleged bias on the part of the trial judge. In his rebuttal, Huderson also claims that he is entitled to relief pursuant to *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009). In *Phelps*, the Ninth Circuit held that a district court erred when it denied the petitioner's motion for reconsideration predicated on an intervening change in the law governing the timeliness of habeas petitions. *Phelps*, 569 F.3d at 1140. However, Huderson has not argued any intervening change in the law that would affect the timeliness of his habeas petition.

Huderson also argues that he was entitled to equitable tolling for the first time in the rebuttal filed in support of his Motion for Reconsideration. In order to be entitled to equitable tolling, a petitioner must demonstrate (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented him from timely filing the petition. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (quoting *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004)).

In his response to Kelly's Motion to Dismiss, Huderson had merely argued that his attorney failed to file a motion for rehearing or a petition for writ of certiorari after the Court of Appeals affirmed his conviction and sentence. He asserted that his deadline for filing a habeas petition would have been later if the attorney had filed such a motion or petition. However, nothing that the attorney did or failed to do prevented Huderson from filing a timely petition for writ of habeas corpus. As a result, Huderson did not present a valid request for equitable tolling.

In his rebuttal, Huderson now argues that he did not have adequate access to a law library or assistance from a person trained in the law. It should be noted that *pro se* status, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Huderson's allegation of an inadequate law library and legal assistance could have and should have been presented in response to Kelly's Motion to Dismiss, or at the very least, in an objection to the Proposed Findings of Fact and Conclusions of Law. Furthermore, Huderson has not presented sufficient information in his rebuttal from which this Court could determine whether he was entitled to equitable tolling on this basis. *See Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (holding that a petitioner was not entitled to equitable tolling where he failed to allege facts indicating how an

inadequate library prevented him from timely filing for habeas relief). Huderson also has not demonstrated that he pursued his rights diligently. *See Howland*, 507 F.3d at 845. Therefore, his belated request for equitable tolling is without merit.

## CONCLUSION

Huderson did not object to the Magistrate Judge's Proposed Findings of Fact and Conclusions of Law, and he did not appeal the dismissal of his petition. He does not dispute that his habeas petition was untimely, aside from his unsuccessful and belated request for equitable tolling. Huderson also has not demonstrated extraordinary circumstances that entitle him to relief from the judgment. He merely argues that his habeas petition asserts valid arguments and should be considered on the merits. Thus, even if Huderson's Motion could be considered timely, it must be denied as an impermissible substitute for the filing of a timely appeal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Reconsideration of Judgment [10] filed by Stephon Huderson is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of July, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE